Chief Justice Robertson
delivered the opinion of the Court.
Easten, claiming a female slave in right of his wife, sued Hughes for her, in detinue. On the general issue verdict and judgment were rendered for Easten.
On the trial, Easten gave parol evidence of a deed of gift of the slave to his wile, whilst she was an infant, by Hughes and others as co-distributees with the donee. And also proved some facts, tending, in some degree, to show a possession of the slave by his wife after the gift and before her marriage. But there was no direct proof of the loss of the deed, nor that it was in the possession or power of Hughes; or had been delivered to the grantee, or to any other person for her use.
As the delivery is essential to the effectiveness of a deed, the deed cannot operate unless its delivery he proved, or unless such facts he proved as will author-j2e deduction,that there was a delivery.
Proof, that,, deed was signed and attested, and left on the table without delivery to any person, and in the absence of the donee, is not sufficient evidence of a delivery. Delivery of a deed may be inferred from acts without words, or from words without acts, or from hath combined.
Parol evidence of con-, j^nadmissi-ble, unless there is, of inability to produce the dee '■
Proof that the deed was written and signed, and was afterwards in possession of the party entitled to its benefits, or in the possession of some other person for him or her, might be prima facie evidence of a delivery, and impose the onus on tbe grantor or party opposing the deed. But simply proving, as in this case, that the deed was signed and attested and left on the tablé, without a delivery to any person, and in the absence of the donee, would not be sufficient evidence of a delivery. Signing and sealing a deed, give it no effect without a delivery. The delivery is a substantive,- specific and independent act. No formal delivery is necessary. A delivery may be inferred from acts without words, or from words without acts, or from both combined. But a jury cannot infer a delivery from the issolated fact that the deed was signed in the absence of the grantee.
If it had been shown, that the guardian ever had the deed in possession; or if it had been proved that Hughes {with whom the wife of Easten, and the slave, both lived for several years succeeding the date of the deed) had retained the custody of the deed, the jury might have inferred a delivery. But no such fact is proved; and it could not be inferred. Such an inference would be inconsistent with sound reasoning. Besides, inference from an inference is not proof.
We are of opinion, that there was no evidence of a delivery of the deed.
Nor was a sufficient reason shown, for parol evidence of the deed. It was not shown, that Hughes was in possession of it. Nor that Easten might not have obtained it by legal means and proper diligence, if it existed; nor that it had been destroyed or lost. J
If it bad been proved, that the deed had not been destroyed, this circumstance, especially if fortified by the additional fact, that the deed remained with Hughes or the guardian, might he sufficient, when combined with the facts which were proved, to authorize a jury to infer a delivery to the use of the grantee. And the proof, that the grantee was in possession of the slave; claiming her as her own property, would not only have tended persuasively to establish the delivery of the .deed, but might be a circumstance evincing with others, a gift of the slave to her, independently of the deed.
T. A. Marshall, for plaintiff; Mills and Brown, for de- - fendants.
But there is no satisfactory evidence of any such Possession> proprietorship, or claim.
Wherefore, the circuit court erred in allowing parol evidence of the contents of the deed; and in rendering judgment on the verdict, as there were no facts legitimately coducing to prove a delivery of the deed.
The witnesses offered by Hughes, were properly rejected as incompetent; not however, because they were grantors in the ■ alleged deed; but because they were-joint owners, with others, of the slave;-and .therefore, nothing appearing ■ to th£ contrary, they would have an interest in the slave, if the claim of Easten and-.-wife could be defeated.
Judgment reversed, and cause remanded, for anew trial.